IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LASTONIA LEVISTON, | : | |
| | : | Case No.  15-CV-04563 |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| CURTIS JAMES JACKSON, III a/k/a | : | |
| 50 CENT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO (1) PLAINTIFF'S APPLICATION
FOR FEES AND COSTS AND (2) COURT'S ORDER TO SHOW CAUSE AS TO WHY
<u>DEFENDANT SHOULD NOT BE SANCTIONED UNDER RULE 11</u>**

CORRELL LAW GROUP

P. Kent Correll
250 Park Avenue, 7th Floor
New York, New York 10177

COUNSEL FOR DEFENDANT

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    PRELIMINARY STATEMENT ...............................................................................1

II.   PROCEDURAL BACKGROUND...........................................................................2

    A.    The State Court Action. ...............................................................................2

    B.    The First Removal........................................................................................3

    C.    The Second Removal. ...................................................................................7

III.  SUMMARY OF ARGUMENT ..............................................................................17

IV.   ARGUMENT AND AUTHORITIES .....................................................................18

    A.    Applicable Standards ..................................................................................18

        1.    Standards under 28 U.S.C. § 1447(c). ...........................................18

        2.    Standards governing the Court's inherent power to award
            sanctions..........................................................................................18

        3.    Standards under Rule 11 of the Federal Rules of Civil Procedure. ...........19

    B.    Sanctions Should Not Be Awarded Because The Removal Was In Good
        Faith Based On The Applicable Legal Principles................................................20

        1.    An award should not be made under 28 U.S.C. § 1447(c). ......................20

            a.    The order is based on the erroneous conclusion of law that
                the Court does not have subject matter jurisdiction over this
                action...............................................................................20

            b.    The one-year provision of 28 U.S.C. § 1446 does not apply
                to this case as a matter of law. ......................................................21

            c.    The Court did not have the power to remand based on
                 "permissive abstention" or "equitable remand."...........................29

            d.    The Court may not invoke an award under section 1447(c)
                 against counsel for Mr. Jackson....................................................31

            e.    In any event, an award under section 1447(c) must be
                limited to the fees and costs associated with removal and
                remand.............................................................................31

        2.    An award should not be made based on the Court's inherent
            authority. ........................................................................................31

         3.    An award should not be made under Rule 11. .........................................33

V.    REQUEST FOR HEARING.........................................................................38

VI.   CONCLUSION AND REQUEST FOR RELIEF...........................................................39

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. YARP Rest., Inc.*,
    94 CIV. 7543(CSH)(RLE), 1997 WL 27043 (S.D.N.Y. Jan. 23, 1997)................................15

*Ariel Land Owners, Inc. v. Dring*,
    351 F.3d 611 (3d Cir. 2003)........................................................................................25, 26

*Avitts v. Amoco Prod. Corp.*,
    111 F.3d 30 (5th Cir. 1997) ...............................................................................................31

*Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*,
    222 F.3d 52 (2d Cir. 2000)..................................................................................................37

*Brierly v. Alusuisse Flexible Packaging, Inc.*,
    184 F.3d 527 (6th Cir. 1999), *cert denied*, 528 U.S. 1076 (2000).........................................22

*Brown v. Capitol Air, Inc.*,
    797 F.2d 106 (2d Cir. 1986)................................................................................................35

*Brown v. Tokio Marine and Fire Ins. Co.*,
    284 F.3d 871 (8th Cir. 2002), *cert denied*, 537 U.S. 826 (2002)...........................................22

*Burkhart v. Kinsley Bank*,
    852 F.2d 512 (10th Cir. 1988) .............................................................................................36

*Business Guides, Inc. v. Chromatic Commic'ns. Enters., Inc.*,
    498 U.S. 533, 111 S. Ct. 922, 112 L.Ed.2d 1140 (1991).........................................................37

*Callen v. Callen*,
    827 F.Supp.2d 214 (S.D.N.Y.2014)......................................................................................27

*Caterpillar, Inc. v. Lewis*,
    519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)..............................................................26

*Chambers v. NASCO, Inc.*,
    501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)..............................................................18

*Corlew v. Denny's Restaurant, Inc.*,
    983 F. Supp. 878 (E.D. Mo. 1997)........................................................................................27

*Creek Ventures, LLC v. World Parts, LLC*,
    No. 01-CV-89C, 2004 WL 1166642 (W.D.N.Y. Apr. 14, 2004) ............................................31

*Cutrone v. Mortgage Electronic Registration Systems, Inc.*,
749 F.3d 137 (2d Cir. 2014)..............................................................................23, 24, 27, 28

*Dow Chem. Pac. Ltd. v. Rescator Mar. S.A.*,
782 F.2d 329 (2d Cir. 1986)............................................................................................33

*E. Gluck Corp. v. Rothenhaus*,
252 F.R.D. 175 (S.D.N.Y.2008) ....................................................................................36

*Eastway Constr. Corp. v. City of New York*,
762 F.2d 243 (2d Cir. 1985).............................................................................................39

*Ehrenreich v. Black*,
994 F.Supp.2d 284 (E.D.N.Y. 2014) ...............................................................................25

*Enmon v. Prospect Capital Corp.*,
675 F.3d 138 (2d Cir. 2012).............................................................................................31

*Friedlander v. Fifth Third Bank, Inc.*,
No. 5:14-299-KKC, 2014 WL 5313946 (E.D.Ky. Oct. 17, 2014)..............................14, 27, 17

*Gallon v. Hustler Magazine, Inc.*,
732 F.Supp. 322 (N.D.N.Y. 1990) ...................................................................................15

*Gleason v. Callanan Indus. Inc.*,
203 A.D.2d 750, 610 N.Y.S.2d 671 (1994) .....................................................................15

*Grigg v. Southern Pacific Co.*,
246 F.2d 613 (9th Cir.1957), *rehearing denied,* 248 F.2d 949 (9th Cir.1957).......................37

*Gwyn v. Wal-mart Stores, Inc.*,
955 F. Supp. 44 (M.D.N.C. 1996) ...................................................................................27

*Heniford v. Am. Motors Sales Corp.*,
471 F. Supp. 328 (D.S.C. 1979), dismissed, 622 F.2d 584 (4th Cir. 1980)...........................29

*Hill v. Delta Int'l Mach. Corp.*,
386 F.Supp.2d 427 (S.D.N.Y. 2005)...............................................................................25

*Hollon v. Merck & Co.*,
589 Fed.App'x. 570 (2d Cir. 2014).................................................................................19

*Hotel St. George Assocs. v. Morgenstern*,
819 F.Supp. 310 (S.D.N.Y. 1993) ..............................................................................36, 37

*In re Bennett*,
960 S.W.2d 35 (Tex. 1998)..............................................................................................38

*In re Brand Name Prescription Drugs Antitrust Litig.*,
   248 F.3d 668 (7th Cir. 2001) ......................................................................28, 32

*In Re Carter*,
   618 F. 2d 1093 (5th Cir. 1980*)* ............................................................................37

*In re Crescent City Estates, LLC*,
   588 F.3d 822 (4th Cir. 2009), *cert. denied*, 560 U.S. 905 (2010)...........................31

*In re Lawrence*,
   233 B.R. 248 (N.D.N.Y. 1999) ...............................................................................30

*In re Pennie & Edmonds, LLP*,
   323 F.3d 86 (2d Cir. 2003)......................................................................................19

*In re Uniroyal Goodrich Tire Co.*,
   104 F.3d 322 (11th Cir. 1997) ................................................................................25

*Intelligen Power Systems, LLC v. Dventus Technologies LLC*,
   No. 14 CV 7392, 2014 WL 7176374 (S.D.N.Y. Dec. 16, 2014)............................23

*Kamat v. Kurtha*,
   No. 05 CV 10618, 2007 WL 188738 (S.D.N.Y. Jan. 22, 2007)..............................27

*Kiobel v. Millson*,
   592 F.3d 78 (2d Cir. 2010)......................................................................................38

*Knipe v. Skinner*,
   19 F.3d 72 (2d Cir. 1994)........................................................................................38

*Marketplace Illustrated, Inc. v. Intrex Travel, Inc.*,
   No. 92-CV-860S, 1993 WL 405494 (W.D.N.Y. Sept. 30, 1993)...........................31

*Moltner v. Starbucks Coffee Co.*,
   624 F.3d 34 (2d Cir. 2010)................................................................................ passim

*Muhammad v. Walmart Stores East, L.P.*,
   732 F.3d 104 (2d Cir. 2013)....................................................................................19

*Music v. Arrowood Indem. Co.*,
   632 F.3d 284 (6th Cir. 2011) ..................................................................................25

*N. Pac. R. Co. v. Austin*,
   135 U.S. 315, 10 S. Ct. 758, 34 L. Ed. 218 (1890).........................................25, 29

*N.Y. Life Ins. Co. v. Deshotel*,
   142 F.3d 873 (5th Cir. 1998) ..................................................................................22

*National Ass'n of Gov't Employees, Inc. v. National Fed'n of Fed. Employees*,
844 F.2d 216 (5th Cir. 1988) ....................................................................36

*Navarro v. Subaru of Am. Operations Corp.*,
802 F.Supp. 191 (N.D. Ill. 1992) ..............................................................27

*Neroni v. Becker*,
No. 13-3909, 2015 WL 1810508 (2d Cir. 2015) .......................................18

*Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*,
174 F.3d 87 (2d Cir. 1999)........................................................................37

*Oritz-Del Valle v. Nat'l Basketball Assoc.*,
42 F.Supp. 2d 334 (S.D.N.Y. 1999)..........................................................15

*Pannonia Farms, Inc. v. USA Cable*,
426 F.3d 650 (2d Cir. 2005).....................................................................38

*Patrizzi v. Bourne In Time, Inc.*,
No. 11 Civ. 2386, 2013 WL 316148 (S.D.N.Y. Jan. 28, 2013)...............39

*PC, Chong v. Kwo Shin Chang*,
599 Fed.App'x. 18 (2d Cir. 2015)..............................................................19

*Pierpoint v. Barnes*,
94 F.3d 813 (2d Cir. 1996).......................................................................25

*Powers v. Chesapeake & O. Ry. Co.*,
169 U.S. 92 (1898).............................................................................24, 29

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706, 116 S. Ct. 1712, 135 L.Ed.2d 1 (1996).......................2, 30

*Rachel v. Banana Republic, Inc.*,
831 F.2d 1503 (9th Cir. 1987) .................................................................36

*Rankin v. City of Niagra Falls, Dept. of Public Works*,
569 Fed.Appx. 25 (2d Cir. 2014)..............................................................19

*Resolution Trust Corp v. Blasdell*,
154 F.R.D. 675 (D. Ariz. 1993) ...............................................................36

*Ritchey v. Upjohn Drug Co.*,
139 F.3d 1313 (9th Cir.), *cert. denied*, 119 S. Ct. 407, 142 L.Ed.2d 330, 525 U.S. 963
(1998).......................................................................................................22

*Ritchie Capital Mgmt, LLC v. General Elec. Capital Corp.*,
No. 14 CV 8623, 2015 WL 170402 (S.D.N.Y. Jan. 13, 2015).........22, 23

v

*Rivas v. Bowling Green Assocs., L.P.*,
  No. 13-CV-7812, 2014 WL 3694983 (S.D.N.Y. July 24, 2014) ...........................................33

*Sassower v. Field*,
  973 F.2d 75 (2d Cir. 1992) ...................................................................................................18

*Schlaifer Nance & Co. v. Estate of Warhol*,
  194 F.3d 323 (2d Cir. 1999) .................................................................................................38

*Shiver v. Sprintcom, Inc.*,
  167 F.Supp.2d 962 (S.D.Tex.2001) ......................................................................................37

*Smith v. Mylan, Inc.*,
  761 F.3d 1042 (9th Cir. 2014) ..............................................................................................25

*Smith v. Westchester Co. Dept. of Corr.*,
  577 Fed.App'x. 17 (2d Cir. 2014) .........................................................................................19

*Stern v. Michaelangelo Apartments, Inc.*,
  No. 97-Civ.-9532 GAY, 2000 WL 33766107 (S.D.N.Y. Jan. 24, 2000) ...............................15

*Stiefvater Real Estate, Inc. v. Hinsdale*,
  812 F.2d 805 (2d Cir. 1987) ...........................................................................................35, 37

*Storey v. Cello Holdings, L.L.C.*,
  347 F.3d 370 (2d Cir. 2003) .................................................................................................37

*Su-Ra Enters., Inc. v. Barnett Bank of S. Fla., N.A.*,
  142 B.R. 502 (S.D. Fla. 1992) ..............................................................................................30

*Sussman v. Bank of Israel*,
  56 F.3d 450 (2d Cir. 1995) .............................................................................................36, 37

*Tedford v. Warner-Lambert Co.*,
  327 F.3d 423 (5th Cir. 2003) ...............................................................................................25

*Thoreson v. Penthouse Int'l Ltd.*,
  179 A.D.2d 29, 583 N.Y.S.2d 213 (1st Dep't 1992), *aff'd*, 80 N.Y.2d 490, 591
  N.Y.S.2d 978, 606 N.E.2d 1369 (N.Y. 1992) .......................................................................15

*Torah Soft Ltd. v. Drosnin*,
  No. 00 CIV. 0676, 2003 WL 22077414 (S.D.N.Y. Sept. 8, 2003) ........................................25

*Townsend v. Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1990) ..............................................................................................36

*Turner Const. Co. v. Dorn-Platz Properties, Inc.*,
  No. CIV. 08-610-AC, 2008 WL 3992621 (D. Or. Aug. 26, 2008) ........................................37

*United States v. Bonilla,*
    618 F.3d 102 (2d Cir. 2010).......................................................................................34

*United States v. Int'l Bhd.. of Teamsters, Chauffeurs, Warehousemen and Helpers, AFL-CIO,*
    948 F.2d 1338 (2d Cir. 1991).................................................................................35, 37

*Utica Mut. Ins. Co. v. Fireman's Fund Ins. Cos.,*
    613 F.Supp. 1134 (S.D.N.Y. 1985) .........................................................................33

*Weems v. Louis Dreyfus Corp.,*
    380 F.2d 545 (5th Cir. 1967) ...................................................................................37

*Whitaker v. American Telecasting, Inc.,*
    261 F.3d 196 (2d Cir. 2001)......................................................................................12

## STATUTES

28 U.S.C. § 1331 .............................................................................................................4

28 U.S.C. § 1332 ............................................................................2, 4, 5, 6, 13, 14, 17, 25

28 U.S.C. §1334..............................................................2, 3, 4, 5, 6, 14, 17, 30, 33, 35

28 U.S.C. § 1441 ......................................................2, 6, 10, 13, 14, 17, 25, 30, 33

28 U.S.C. §1442................................................................................................................30

28 U.S.C. § 1446.......................................2, 6, 10, 12, 13, 14, 17, 21, 25, 28, 30, 33

28 U.S.C. § 1447 .....................................................................................................17, 30, 31

28 U.S.C. § 1452 ..................................................................2, 3, 4, 6, 17, 30, 33, 35

N.Y. C.P.L.R. § 3017(c) ..........................................................................................7, 10, 24

N.Y. CVR. LAW § 50 ......................................................................................................15

N.Y. CVR. LAW § 51 ......................................................................................................15

Defendant Curtis James Jackson III, a/k/a 50 Cent ("Mr. Jackson"), files this Response to (1) Plaintiff's Application for Fees and Costs and (2) the Court's Order to Show Cause as to Why Defendant Should Not Be Sanctioned under Rule 11, as follows:[1]

## I.

## <u>PRELIMINARY STATEMENT</u>

On Friday, June 12, 2015, the Court issued an Opinion And Order ("Order") remanding this case on the grounds that it did not have subject matter jurisdiction over this case based on diversity jurisdiction under 28 U.S.C. § 1332(a).  In addition, the Court remanded this case based on its purported ability to "permissively abstain" and to "equitably remand."[2]  In its Order, the Court stated that Jackson has until July 10, 2015, to respond to:  (1) plaintiff's application for fees and costs under 28 U.S.C. § 1446 and the Court's inherent power and (2) the Court's *sua sponte* order to show cause why sanctions should not be imposed against Mr. Jackson under Rule 11 of the Federal Rules of Civil Procedure.[3]  Mr. Jackson submits this response.  As demonstrated herein, sanctions should not be imposed because Mr. Jackson had more than an objectively reasonable basis to file his Notice of Removal alleging that this action was subject to removal under 28 U.S.C. §§ 1441 and 1446 based on the existence of diversity jurisdiction under 28 U.S.C. § 1332(a).

Indeed, the Notice of Removal was firmly based on the applicable legal principles.  As demonstrated herein, the Court *did* have subject matter jurisdiction over this action; indeed, plaintiff has judicially admitted that the Court had subject matter jurisdiction over this action

---

[1] Mr. Jackson incorporates herein his Def's Resp. In Opp'n To Pl's Appl. for Fees and Cost Under 28 U.S.C. § 1447(c), dated June 29, 2015.

[2] Order at p. 7.

[3] *See* Order at pp. 7-8.

1

based on diversity jurisdiction under 28 U.S.C. § 1332.[4]  In addition, the Court did *not* have the power to either permissively abstain or equitably remand.[5]  Indeed, those concepts apply only to removals under 28 U.S.C. § 1334 and 1452(b), and those sections apply only to removals in connection with bankruptcy cases.  As a matter of law, they do not apply to this case because it was removed based on diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441, and 1446. Accordingly, Mr. Jackson respectfully submits that the Court should not make any award of costs, expenses, or fees because the removal of this case complied with all applicable legal requirements and was done in good faith.

## II.

## PROCEDURAL BACKGROUND

### A.   The State Court Action.

1.     On or about February 24, 2010, plaintiff Lastonia Leviston ("Ms. Leviston") commenced this action against Mr. Jackson by filing a Complaint in the Supreme Court of the State of New York, County of New York ("State Court Action").[6]  Contrary to the statement made in footnote 1 of the Order, neither the Complaint nor the Amended Complaint contained a request for injunctive relief.[7]  Nor did the amended complaint.[8]

---

[4] *See* Pl's Mem. Of Law In Supp. Of Second Emergency Mot. To Remand And Mot. For Sanctions dated June 12, 2015 ("Motion") at p. 11. ("Plaintiff agrees that the Parties are diverse and that the amount in controversy passes the jurisdictional threshold.").

[5] *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 731, 116 S. Ct. 1712, 1728, 135 L.Ed.2d 1 (1996) ("Under our precedents, federal courts have the power to dismiss or remand cases based on abstention  principles only where the relief being sought is equitable or otherwise discretionary.  Because this was a damages action, we conclude that the District Court's remand order was an unwarranted application of the *Burford* doctrine.").

[6] *See* Notice of Removal dated June 12, 2015 ("Notice of Removal") at p. 1.

[7] *See* Compl.

[8] *See* Am. Compl.

2.      On Friday, June 12, 2015, Mr. Jackson filed his Notice of Removal, removing the State Court Action to this Court.[9]   This was the second time that Mr. Jackson attempted to remove this action.

**B.      The First Removal.**

3.      In his first Notice of Removal dated May 26, 2015 ("First Removal"), Mr. Jackson removed this action based on 28 U.S.C. §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure.[10]

4.      In the First Removal, Mr. Jackson removed the case based on the fact that it was "related to" the chapter 11 case of SMS Promotions LLC ("SMS") that was filed in the United States Bankruptcy Court for the District of Connecticut.

5.      On May 27, 2015, Ms. Leviston filed her Emergency Motion to Remand And/Or Abstain.[11]

6.      On May 28, 2015, the Court held a hearing (the "Hearing") on Ms. Leviston's motion.[12]

7.      At the conclusion of the Hearing, the Court remanded the case based on the doctrine of permissive abstention under 28 U.S.C. § 1334(c)(1) and the doctrine of equitable remand under 28 U.S.C. § 1452(b).[13]

8.      On May 28, 2015, the Court issued its Opinion and Order ("First Order") in connection with the First Removal.

---

[9] Notice of Removal.

[10] *See* Notice of Removal dated May 26, 2015.

[11] *See* Emergency Mot. to Remand And/Or Abstain dated May 27, 2015.

[12] *See* Transcript of hearing held on May 28, 2015 ("Tr.").

[13] *See* Tr. at pp. 48-52.

9.      In the First Order, the Court directed Mr. Jackson that he had until June 29, 2015, to respond to Ms. Leviston's application for fees and costs under 28 U.S.C. §1447(c).[14]

10.     On June 29, 2015, Mr. Jackson filed his Response In Opposition to Plaintiff's Application for Fees and Costs Under 28 U.S.C. § 1447(c).[15]

11.     At the Hearing in connection with the First Removal, the Court asked counsel for Mr. Jackson, Stephanie L. Gase whether she believed that diversity jurisdiction existed at that time.[16]  The Court asked this question in the context of inquiring into the basis of removal in that case.[17]  The Notice of Removal provided that it was being filed pursuant to 28 U.S.C. §§ 1334 and 1452(a),[18] which provide for removal of state court cases that have a sufficient connection to a case pending under the Bankruptcy Code.  That case was not removed based on federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.[19] In particular, the Notice of Removal did not purport to rely on 28 U.S.C. §§1441 and 1446 which govern removal in cases where federal question jurisdiction or diversity jurisdiction exists.[20]

12.     Ms. Gase responded to the Court's question by stating that "I do believe there is diversity in this case."[21]  In response to the Court's question "you believe there is diversity in this case?"  Ms. Gase stated that "the parties are from different states, it is a controversy over

---

[14] *See* Order.

[15] *See* Def's Resp.

[16] *See* Tr. at p. 16.

[17] *Id*.

[18] *See* Notice of Removal dated May 28, 2015 at p. 1.

[19] *Id*.

[20] *Id.*

[21] Tr. at p. 16.

$75,000. But I don't believe that was the reason for the removal. I'm not saying that that was the reason."[22]

13.     Ms. Gase answered the Court's questions to the best of her ability.[23] Ms. Gase had not been intimately involved in the research and analysis giving rise to the removal based on the pendency of the chapter 11 case of SMS Promotions.[24] Instead, she was member of the trial team.[25] At the time she answered the Court's questions, she had not researched the standards for diversity jurisdiction under 28 U.S.C. § 1332 or the requirements for removal based on diversity jurisdiction under 28 U.S.C. §§ 1441 and 1446 in connection with this case.[26] She was answering the Court's questions to the best of her ability based on her limited knowledge of the law governing diversity jurisdiction and removal and not with the benefit of any research and analysis of the relevant legal issues in connection with that case.[27]

14.     Patrick J. Neligan, counsel for SMS, also addressed the Court.[28] In response to the Court's question of whether it had to consider the applicability of mandatory abstention under 28 U.S.C. § 1334(c)(2), Mr. Neligan stated that: "Let me say, with respect to mandatory remand, that does not exist here simply because there is diversity jurisdiction. It may not be removed for that, but there is diversity jurisdiction . . . Certainly, I don't think because of the separate diversity jurisdiction, even if it wasn't removed for that, that by definition, then mandatory abstention would not apply."[29]

---

[22] *Id.*

[23] *See* Decl. of Stephanie L. Gase ("Gase Decl.") at ¶ 6, submitted herewith.

[24] *Id.* at ¶ 3.

[25] *Id.*

[26] *Id.* at ¶ 7.

[27] *Id.*

[28] *See* Tr.

[29] *See* Tr. at pp. 22-23.

15.     Counsel for Ms. Leviston then addressed the issue of diversity jurisdiction.[30] Counsel stated that "diversity" existed when this lawsuit was filed because the parties are citizens of different states but that diversity could not be the basis for removal because Mr. Jackson had only one year from the commencement of the state court case to remove it.[31] Counsel did not address the issue of the amount-in-controversy requirement of 28 U.S.C. § 1332(a).[32]

16.     In addressing the Court's questions about mandatory abstention, James S. Renard, counsel for Mr. Jackson, stated that "[i]n terms of an ability to remove the case for diversity jurisdiction, that time has passed."[33]  Mr. Renard was one of the trial counsel for Mr. Jackson.[34] He was not involved in the research and analysis concerning removal of the state court case pursuant to 28 U.S.C. §§ 1334 and 1452.[35]  In addition, as he stated at the Hearing, he was not prepared to answer questions on the issue of diversity jurisdiction and mandatory abstention.[36] In his comments, counsel did not address the issue of the amount-in-controversy requirement of 28 U.S.C. §1332(a).[37]

17.     As the Court can see, none of the counsel at the Hearing was familiar with the applicable legal principle governing removals of the state court cases based on diversity under 28 U.S.C. §§ 1332, 1441, and 1446.  As demonstrated herein, the one-year provision of section

---

[30] *See* Tr. at pp. 26-30.

[31] *See* Tr. at p. 27.

[32] *See* Tr.

[33] *See* Tr. at p. 28.

[34] *See* Decl. of James S. Renard ("Renard Decl."), at ¶ 3, submitted herewith.

[35] *Id.* at ¶ 5.

[36] *Id.* at ¶¶ 7-10.

[37] *See* Tr.

1446(c) does not apply to this case based on the substantial authorities cited herein.[38]  It appears that none of the counsel at the Hearing were aware of those authorities at the time of the Hearing. At a minimum, based on these authorities, Mr. Jackson had an objectively reasonable basis to file his Notice of Removal based on diversity jurisdiction.  Indeed, these authorities demonstrate that Mr. Jackson properly removed this action.

## C.    The Second Removal.

18.    In his second Notice of Removal in this case, Mr. Jackson removed this action based on the existence of diversity jurisdiction under 28 U.S.C. § 1332(a) pursuant to 28 U.S.C. §§ 1441 and 1446.[39]  Mr. Jackson also contended that the Court had federal question jurisdiction in his Notice of Removal, but he was not relying on that ground for purposes of removing the case and is not relying on that ground for purposes of this response.

19.    As stated above, Ms. Leviston commenced this case on February 24, 2010, against Mr. Jackson in the Supreme Court of the State of New York, County of New York, asserting three causes of action.[40]  For each cause of action, Ms. Leviston demanded judgment against Mr. Jackson "in an amount to be determined," with "said amount being sufficient to compensate Ms. Leviston."[41]  Ms. Leviston did not specify an amount in controversy.[42]  Of course, under New York law, Ms. Leviston was not permitted to specify an amount in her complaint.[43]

---

[38] *See* infra note 100.

[39] *See* Notice of Remand dated June 12, 2015.

[40] *See* generally Compl.

[41] *See id.* at 4-6.

[42] *See id.*

[43] N.Y. C.P.L.R. § 3017(c) (McKinney 2015) ("In an action to recover damages for personal injuries or wrongful death, the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled.  If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would

20.     On September 14, 2010, Mr. Jackson propounded his first set of interrogatories on Ms. Leviston.[44]  In Interrogatory No. 1, Mr. Jackson asked Ms. Leviston to "set forth in writing your calculation of the damages you have suffered."[45]   On December 29, 2010, Ms. Leviston answered Mr. Jackson's interrogatories and stated the following in response to Interrogatory No. 1:  "I have not yet calculated the amount of the damages I have suffered."[46]  To this day, Ms. Leviston has failed to comply with her disclosure obligation and has failed to supplement her discovery responses to specify the amount of her alleged damages.

21.     On August 11, 2011, Ms. Leviston was deposed and refused to identify the amount of her alleged damages because that was an issue to be discussed with her counsel.[47]  Thus, Ms. Leviston did not specify the amount of her alleged damages during pre-trial discovery.

22.     The deposition of Ms. Leviston took place almost 18 months after Ms. Leviston commenced this case.  As of the date of the conclusion of her deposition, she still had not disclosed the amount in controversy.  Ms. Leviston could have eliminated any issue about the application of the one-year rule under section 1446(c) in this case by complying with her discovery obligations.  For whatever reasons, she chose not to do so.  When considering all the facts and circumstances of this case, including the balance of the equities, Mr. Jackson respectfully submits that the Court should consider the choices that Ms. Leviston made.

---

otherwise have jurisdiction.  Provided, however, that a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems [herself] entitled.  A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.").

[44] *See* Def's First Set of Interrogs., dated September 14, 2010, attached hereto as Ex. 1.

[45] *See id.*

[46] *See* Pl's Objs. and Answers to Def's Initial Interrogs., dated December 29, 2010, Resp. to Interrog. No. 1, attached hereto as Ex. 2.

[47] *See* Continued Videotaped Dep., dated August 11, 2011, at 287, attached hereto as Ex. 3.

23.    Under Ms. Leviston's interpretation of the one-year provision under section 1446(c), the one-year expired without Ms. Leviston disclosing the amount in controversy and specifically without answering Mr. Jackson's interrogatory asking her to specify the amount in controversy of her damages and without disclosing the amount in controversy at her deposition. In essence, Ms. Leviston contends that she was entitled to stonewall Mr. Jackson for more than a year after she commenced this case and thereby prevent Mr. Jackson from discovering the information needed to determine the amount in controversy under 28 U.S.C. § 1332(a) and from having the clear written statement to which he was entitled that would have allowed him to remove the case easily and avoid a mini-trial on whether the amount in controversy requirement was satisfied, thereby saving himself and the Court the trouble and expense of such a proceeding. This type of gamesmanship is the very reason why numerous courts of appeals have concluded that the one-year provision of section 1446(c) is not jurisdictional and is subject to tolling.[48] Similarly, multiple courts of appeals have concluded that the one-year provision does not apply to cases such as this case, which initially was subject to removal; under the *Moltner* decision, however, Mr. Jackson was entitled to wait until Ms. Leviston disclosed the amount in controversy and provided him with a written statement in admissible form expressly specifying the amount in controversy, thus providing him with the required ticket to federal court.[49]

24.    In addition, this timeline shows that it was Ms. Leviston who was abusing the litigation process by not complying with her disclosure obligations.

25.    In early June 2015, Ms. Leviston filed an Amended Complaint in which she, again, did not specify her alleged damages.[50]   Instead, she demanded judgment against Mr.

---

[48] *See* infra note 114.

[49] *See* infra notes 100-103.

[50] *See* Am. Compl., dated June 1, 2015.

Jackson "in an amount to be determined," with "said amount being sufficient to compensate Ms. Leviston."[51]   Thus, in a further attempt to obtain the disclosure to which he was entitled, Mr. Jackson, pursuant to CPLR 3017(c), formally requested that Ms. Leviston serve a supplemental demand for relief setting forth her total alleged damages.[52]   To this day, Ms. Leviston has not responded.  Once again, Ms. Leviston has indicated that she believes she can flout her state court disclosure obligations and thereby run out the one-year provision of section 1446(c).

26.     In addition, because Ms. Leviston never supplemented her interrogatory responses, Mr. Jackson demanded that Ms. Leviston supplement her response to Interrogatory No. 1 to specify the amount of her alleged damages.[53]

27.     In sum, Ms. Leviston still has not served a supplemental demand for relief or supplemented her interrogatory responses.  Accordingly, Ms. Leviston has never included an amount in controversy in a complaint or specified her alleged damages in writing during discovery in a clear, specific and admissible writing that meets the requirements of *Moltner*.[54]

28.     This timeline demonstrates that Ms. Leviston has continued to this day with her abuse of her disclosure obligations.  Because of this abuse, Mr. Jackson was entitled to wait and decide whether to seek to remove this case under 28 U.S.C. §§ 1332(a), 1441, and 1446, until Ms. Leviston complied with her obligations under the *Moltner* decision.

29.     Ms. Leviston could have eliminated any issue concerning the application of the one-year provision of section 1446(c) simply by complying with her disclosure obligations years ago.  Instead, she decided not to do so and continues to defy the clear state and federal statutory

---

[51] *See id.* at 3-5.

[52] *See* E-mail from S. Gase to P. Freidin *et al.*, dated June 1, 2015, attached hereto as Ex. 4; Req. for Suppl. Demand for Relief, dated June 2, 2015, attached hereto as Ex. 5.

[53] *See* Letter from J. Renard to A. Alvarez, dated June 6, 2015, attached hereto as Ex. 6; *see also* Letter from S. Losquadro to A. Alvarez, dated June 8, 2015, attached hereto as Ex. 7.

[54] *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37-38 (2d Cir. 2010).

requirements that she provide Mr. Jackson with a clear, admissible, written statement expressly specifying the amount of her claim. The established legal principles cited below demonstrate that there were consequences to Ms. Leviston's strategic decision to not honor her disclosure obligations. Instead of accepting those consequences, Ms. Leviston faults Mr. Jackson for exercising the right that her choices preserved for him. Once again, Mr. Jackson submits that all these circumstances are important considerations in the context of Ms. Leviston's application and the order to show cause. Ms. Leviston's choices entitled Mr. Jackson to remove this case on a timely basis as demonstrated by the decisions of the multiple courts of appeals he cites above.

30.     Ms. Leviston has pointed to settlement communications between the parties to contend that the one-year provision of section 1447(c) started to run as early as December 22, 2014. As Mr. Jackson has demonstrated above, the better–reasoned authority holds that settlement communications do not trigger the 30-day clock under section 1447(c).[55] This is especially true here since the settlement communications that Ms. Leviston presents as "triggers" did not disclose the amount in controversy in this action but rather the amount she was seeking pursuant to a settlement and courts have observed that settlement demands are notoriously suspect and unreliable and insufficient as evidence of the amount actually in controversy because they often are the result of posturing and can be wildly exaggerated and bear no relation to the amount actually in controversy and, in any case, are inadmissible under Rule 408 of the Federal Rules of Evidence, which keeps them from being the kind of clear and easy ticket to federal court contemplated by *Moltner*–*i.e.*, an admissible writing expressly specifying the amount to which the plaintiff claims to be entitled.[56]

---

[55] *See* infra note 123.

[56] *See* Fed. R. Evid. 408(a) ("Prohibited Uses. Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim . . . : (1) furnishing, promising, or

31.     For example, in the email dated December 22, 2014, counsel for Ms. Leviston

discloses what Mr. Jackson offered at the mediation and what she demanded at the mediation.

The email does not disclose the amount that Ms. Leviston would be seeking at trial from a jury.

Courts have recognized that there is often a lack of any correlation between settlement demands

---

offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim . . . ); *Moltner v. Starbucks Coffee Co.*, 624 F.3d at 35 (following removal, affirming order of this Court, in the person of Loretta A. Preska, Chief Judge, denying plaintiff's motion to remand case to state court on ground that defendant's removal of case under 28 U.S.C. § 1446 was untimely and granting defendant's motion for summary judgment, holding that 30-day period for filing notice of removal began with service of first paper stating on its face amount of damages sought, where plaintiff's complaint did not specify the amount of damages sought, stating: "Moltner's motion to remand presented the question whether, where a plaintiff's complaint does not specify the amount of damages sought, the time for removal under 28 U.S.C. § 1446(b) begins with service on the defendant of the complaint or with service of the first paper that *explicitly states the facts* establishing removability. We review here the district court's order finding that the time for removal runs from the service of the first paper stating on its face the amount of damages sought, and we agree.") (emphasis added).  Here, the settlement communications plaintiff offers in an attempt to satisfy the requirement of *Moltner* were never "filed" and in any event fall short of, and thus fail to satisfy, that exacting standard because they are vague, conclusory and utterly devoid of facts supporting removability insofar as the amount in controversy requirement is concerned.  As the Second Circuit explained in *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001), and again in *Moltner* (quoting *Whitaker*):  "A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a) . . . A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition . . . *In cases where removal is based on diversity, the facts required to support the removal petition include the amount in controversy* and the address of each party . . . While *this standard* requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it *does not require a defendant to look beyond the initial pleading for facts giving rise to removability*.") (emphasis added) (internal citations omitted).  Here, the nature of the injuries alleged by plaintiff was such that, applying "a reasonable amount of intelligence" to its reading of the complaint could not have discerned, deduced, or divined from the plaintiff's description of her injuries that the amount in controversy would exceed $75,000, and defendant was unsure of his ability to remove and successfully oppose a motion to remand by proving that the amount in controversy exceeded $75,000, and avoid a mini-trial on that issue, until plaintiff's confirmation of the amount in controversy.  In any event, in *Moltner*, the Second Circuit expressly rejected and foreclosed any argument that where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he must remove or lose the right to do so.  The Second Circuit was quite clear:  "To the extent that our holding in *Whitaker* does not foreclose this argument, we now reject it.  We join the Eight Circuit, as well as all of the district courts in this Circuit to have addressed the issue, in holding that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  The Second Circuit concluded:  "We further find that a bright line rule is preferable to the approach Moltner advocates [(*i.e.*, a 'reasonable intelligence' standard)].  Requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation. Under Moltner's approach, if a defendant waits to remove until the damages have been specified, the parties will dispute, upon removal, whether the defendant should have known from the complaint that the jurisdictional threshold was met.  We therefore agree with the district court's disposition of Moltner's motion to remand.") (citations omitted).

and amounts sought at trial.[57]   This is one of the reasons why the better-reasoned authorities conclude that settlement communications should not be considered as complying with the *Moltner* rule.[58]

32.     In support of her Motion, Ms. Leviston also attached an email dated June 22, 2015, from her counsel to trial counsel for Mr. Jackson.  That email is purportedly in response to a letter dated June 6, 2015, from counsel for Mr. Jackson to counsel for Ms. Leviston, requesting that Ms. Leviston supplement her interrogatory responses concerning the amount of her damages.  As the Court can see in the email, counsel for Ms. Leviston does not supplement Ms. Leviston's interrogatory responses and never states how much Ms. Leviston would be seeking at trial.  Instead, he refers to settlement discussions and settlement demands that Ms. Leviston made in connection with those discussions.  Although counsel for Ms. Leviston refers to her demands, he is referring to settlement demands and not what plaintiff would seek at trial.  Accordingly, this email provides no support for Ms. Leviston's position.  Instead, it shows that Ms. Leviston continued with her stonewalling and gamesmanship.

33.     In her Memorandum, Ms. Leviston refers to the statements made by counsel at the Hearing.  As stated above, those statements should carry little weight here for numerous reasons. First, at the Hearing, counsel was addressing Mr. Jackson's First Notice of Remand and that removal was not based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.[59] Second, the transcript demonstrates that all the counsel that appeared were not familiar with the applicable legal standards for removal of cases based on diversity jurisdiction under 28 U.S.C.

---

[57] *See* infra note 123.

[58] *Id.*

[59] *See* Tr. at p. 16.

§§ 1332, 1441, and 1446.[60] <u>Third</u>, counsel were discussing the existence of diversity jurisdiction for purposes of mandatory abstention under 28 U.S.C. § 1334(c)(2) and not 28 U.S.C. §§ 1332, 1441, and 1446.[61] <u>Fourth</u>, in response to the Court's question about the existence of diversity jurisdiction, counsel for Ms. Leviston mentioned how the parties were diverse, but did not even mention the issue of the amount in controversy.[62] <u>Fifth</u>, when Ms. Gase stated that the amount in controversy exceeded $75,000 she was not familiar with the applicable legal principles governing how to make this determination and, in any case, her "guess" as to the amount in controversy would not have been enough to sustain Mr. Jackson's burden of proof on the issue on a motion to remand, and Mr. Jackson was entitled to the clear, specific and unequivocal writing required under the *Moltner* standard−the EZ Pass to the federal courthouse−and was entitled to wait until Ms. Leviston gave it to him rather than allowing himself to be diverted into the slow lane, facing a remand motion he could not defeat, and having to pay the costs of attempting to remove without admissible proof that the amount in controversy exceeded the jurisdictional amount, thus finding himself in the awkward and unfair position of trying to prove that Ms. Leviston was seeking damages in excess of the jurisdictional amount when she and her lawyers were being coy about it and refusing to give him the paper he needed to dispose of the question.[63]

34.     As the Court is aware, Ms. Leviston is asserting claims for intentional infliction of emotional distress.[64]   Such claims are extremely difficult to value.[65]   Here, Ms. Leviston had

---

[60] *See* Tr. at p. 16-23.

[61] *See* Tr. at p. 23.

[62] *See* Tr. at pp. 26-27.

[63] *See* Tr. at p. 16.

[64] Am. Compl. at p. 4.

[65] *See e.g.*, New York City Transit Auth. v. State Div. of Human Rights, 78 N.Y.2d 207, 215 (N.Y. 1991).

medical bills of $17,000.[66]   Notably, awards in certain similar cases in New York have not exceeded $65,000. Based on these authorities, Mr. Jackson had more than a reasonable basis to believe that the case might not satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a).

35.     *Oritz-Del Valle v. Nat'l Basketball Assoc.*[67] is instructive.  After reviewing New York federal and state cases presenting circumstances − including embarrassment, humiliation, depression, feelings of victimization and abandonment, withdrawal from relationships, loss of sleep, and other manifestations of emotional disturbance − the Court determined that the jury's award of $750,000 "deviate[d] materially from what would be reasonable compensation" and found "that the maximum plaintiff could recover pursuant to New York law is $20,000."[68]

36.     Compensatory damages awards to non-celebrities under New York's right of privacy statute (Civil Rights Law, §50, 51) are also generally limited to four or five figures since non-celebrities' names and images do not have any quantifiable commercial value.[69]

37.     On Friday, June 12, 2015, Ms. Leviston filed her Second Emergency Motion To Remand And Motion For Sanctions.[70]   Ms. Leviston contended that "this case should be

---

[66] *See* Letter from P. Raymond to Hon. A. Capinello, dated April 17, 2014, at p.2, attached hereto as Ex. 8.

[67] 42 F.Supp. 2d 334 (S.D.N.Y. 1999).

[68] *Id.* at 342 (quoting N.Y.C.P.L.R. 5501(c) (McKinney 2015)); *see also Stern v. Michaelangelo Apartments, Inc.,* No. 97-Civ.-9532 GAY, 2000 WL 33766107, at *6 (S.D.N.Y. Jan. 24, 2000) ("Compensatory damages awarded for 'garden variety emotional distress' have ranged from $5,000 to $30,000.") (citations omitted); *Anderson v. YARP Rest., Inc.,* 94 CIV. 7543(CSH)(RLE), 1997 WL 27043, at *8 (S.D.N.Y. Jan. 23, 1997) (award of $65,000 in sexual discrimination case where plaintiff sought medical treatment for her mental distress and therapist testified at trial that the plaintiff suffered from emotional trauma, including sense of powerlessness, panic attacks, trouble sleeping and difficulty maintaining employment); *Gleason v. Callanan Indus. Inc.,* 203 A.D.2d 750, 752, 610 N.Y.S.2d 671, 673 (1994) (award of $54,000 in sexual harassment retaliation case where plaintiff testified, and a witness confirmed, that she suffered from irritable bowel syndrome, pains in her sides, insomnia, migraines and depression for which she sought medical treatment); *Thoreson v. Penthouse Int'l Ltd.*, 179 A.D.2d 29, 31, 583 N.Y.S.2d 213, 215 (1st Dep't 1992), *aff'd,* 80 N.Y.2d 490, 591 N.Y.S.2d 978, 606 N.E.2d 1369 (N.Y. 1992) (award of $60,000 sustained in sexual harassment suit where plaintiff sought treatment from psychotherapist to treat mental anguish).

[69] *See, e.g., Gallon v. Hustler Magazine, Inc.,* 732 F.Supp. 322, 326 (N.D.N.Y. 1990) ($30,000 in compensatory damages awarded for publication of nude photograph without permission).

remanded immediately because . . . removal premised on diversity jurisdiction is untimely, since § 1446 prohibits removal more than one year after commencement of the action. . . ."[71]

38.    On Friday, June 12, 2015, the Court entered its Order remanding this action.[72]

39.    The Court stated that "This Court therefore finds that it does not have jurisdiction over this case."[73]

40.    The Court also stated that:   "Independently and in the alternative, the Court exercises its authority to permissively abstain from hearing this case and to equitably remand it."[74]

41.    Mr. Jackson did not request that the Court reconsider the Order even though, as demonstrated below, he would have had substantial grounds to do so.

42.    In her memorandum, Ms. Leviston also sought an award of costs, expenses, and fees based on 28 U.S.C. § 1447(c) and the Court's inherent power.[75]

43.    In the Order, the Court gave Jackson until July 10, 2015, to respond to Ms. Leviston's application of costs, expenses, and fees.[76]

44.    In the Order, the Court also gave Mr. Jackson until July 10, 2015, to show cause why sanctions should not be awarded under Rule 11 of the Federal Rules of Civil Procedure.[77]

45.    In response to the Order, Mr. Jackson submits this response.

---

[70] *See* Second Emergency Mot. to Remand And Mot. For Sanctions.

[71] *See* Mot. at p. 11.

[72] *See* Order.

[73] *See* Order at p. 7.

[74] *Id.*

[75] *See* Pl's Mem. at pp. 14-15.

[76] *See* Order at pp. 7-8.

[77] *See* Order at p. 8.

**III.**
**<u>SUMMARY OF ARGUMENT</u>**

As demonstrated herein, no award of costs, expenses or fees should be made against Mr. Jackson in this case.

<u>First</u>, Ms. Leviston is not entitled to award under 28 U.S.C. § 1447(c).  As demonstrated below, the Court may not make an award under section 1447(c) because the Court had subject matter jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332(a) and Mr. Jackson complied with all procedural requirements under 28 U.S.C. §§ 1446 and 1447. Moreover, the Court did not have the power to invoke the doctrines of permissive abstention or equitable remand because, as a matter of law, they do not apply to remand based on diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441, 1446 and 1447.  They apply only to cases removed pursuant to 28 U.S.C. §§ 1334 and 1452, and those sections apply only to cases removed in connection with pending bankruptcy cases.  In any event, as a matter of law, a remand based on permissive abstention or equitable remand may not support an award under section 1447(c).

<u>Second</u>, Mr. Jackson respectfully submits that the Court should deny Ms. Leviston's request for an award based on the Court's inherent authority.  An award cannot be made based on the Court's inherent authority because Mr. Jackson had a "colorable" basis to remove this action and Mr. Jackson's removal of this action was not "entirely meritless"; indeed, the removal was proper because Mr. Jackson satisfied all the requirements for removal 28 U.S.C. §§ 1332(a), 1441, and 1446.

<u>Third</u>, the Court should not make an award under Rule 11 because Mr. Jackson did not remove this action with "subjective bad faith" in this case.  To the contrary, Mr. Jackson had substantial authority to support his Notice of Removal, and Ms. Leviston's refusal to serve Mr.

17

Jackson with a "paper" meeting the requirements of *Moltner* that he could use to establish that the amount in controversy exceeded $75,000 effectively precluded him from removing earlier without facing serious problems of proof on the amount in controversy issue, and thus it was Ms. Leviston, not Mr. Jackson, who was responsible for the removal coming so late in the case.

**IV.**
**ARGUMENT AND AUTHORITIES**

**A.      Applicable Standards**

**1.      Standards under 28 U.S.C. § 1447(c).**

In *Martin v. Franklin Capital Corp.*, the United States Supreme Court stated that "[a]bsent unusual circumstances, courts may award attorneys' fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[78]   The Court also stated that "[i]n applying this rule, districts courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."[79]   Ms. Leviston cannot satisfy these standards.

**2.      Standards governing the Court's inherent power to award sanctions.**

The United States Supreme Court has stated that a district court has the authority to sanction parties when they act "in bad faith, vexatiously, wantonly, or for oppressive reasons."[80]   The Second Circuit has stated that [i]n "order to impose sanctions pursuant to its inherent power, a district court must find that:  (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or

---

[78] 546 U.S. 132, 141, 126 S.Ct. 704, 163 L. Ed. 2d 547 (2005).

[79] *Id*.

[80] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991) (internal quotations omitted); *See also Neroni v. Becker,* No. 13-3909, 2015 WL 1810508, at *2 (2d Cir. 2015); *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992).

delay.'"[81]   In addition, the Second Circuit has stated that a 'claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.'"[82]   Moreover, the Second Circuit has stated that the "standard requires 'clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes.'"[83]   Plaintiff cannot satisfy these standards.

### 3.   Standards under Rule 11 of the Federal Rules of Civil Procedure.

Ms. Leviston did not request an award under Rule 11 of the Federal Rules of Civil Procedure.[84]   Instead, the Court *sua sponte* entered an order to show cause why Mr. Jackson should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.[85]   Under Rule 11, although a "sanction proceeding may also be initiated by a court on its own motion by issuance of a show cause order . . . ,"[86] "no 'safe harbor' opportunity exists to withdraw or correct a submission challenged in a court-initiated proceeding . . . ."[87]   Based on these circumstances, the Second Circuit has held that where "a *sua sponte* Rule 11 sanction denies a lawyer the opportunity to withdraw the challenged document pursuant to the 'safe habor' provision of Rule 11(c)(1)(A), the appropriate standard is subjective bad faith."[88]   As

---

[81] *See Smith v. Westchester Co. Dept. of Corr.*, 577 Fed.App'x. 17, 17 (2d Cir. 2014) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).

[82] *Hollon v. Merck & Co.,* 589 Fed.App'x. 570, 571 (2d Cir. 2014) (quoting *Schlaifer* F.3d at 337).

[83] *PC, Chong v. Kwo Shin Chang,* 599 Fed.App'x. 18, 20 (2d Cir. 2015) (quoting *Revson v. Cinque & Cinque*, 221 F.3d 71, 79 (2d Cir. 2000)).

[84] *See* Pl's Mem.

[85] *See* Order at p. 7-8.

[86] *See In re Pennie & Edmonds, LLP*, 323 F.3d 86, 89 (2d Cir. 2003).

[87] *Id.*

[88] *Id.* at 87; *See also Rankin v. City of Niagra Falls, Dept. of Public Works*, 569 Fed.Appx. 25, 26 (2d Cir. 2014) ("*Sua sponte* sanctions imposed without affording the offender the opportunity to withdraw the challenged document . . . should issue only upon a finding of subjective bad faith.") (internal citations omitted); *Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (holding that *sua sponte* sanctions . . . should issue only upon a finding of subjective bad faith).

demonstrated herein, sanctions cannot be awarded herein because Mr. Jackson did not act with subjective bad faith.

**B.      Sanctions Should Not Be Awarded Because The Removal Was In Good Faith Based On The Applicable Legal Principles.**

**1.      An award should not be made under 28 U.S.C. § 1447(c).**

**a.      The order is based on the erroneous conclusion of law that the Court does not have subject matter jurisdiction over this action.**

As demonstrated in the Notice of Removal, the Court has diversity jurisdiction over this action.  Pursuant to 28 U.S.C. § 1332(a), the Court has subject matter jurisdiction based on diversity on diversity jurisdiction when the action involves citizens of different states and the amount in controversy exceeds $75,000.[89]  In his Notice of Removal, Mr. Jackson stated that Ms. Leviston is a citizen of Florida and he is a citizen of Connecticut.[90]  Indeed, there is no dispute about these facts.[91]

Moreover, in his Notice of Removal, Mr. Jackson stated that:  "In addition, the amount in controversy exceeds the sum or value of $75,000."[92]  Ms. Leviston now concedes this fact.[93]

Accordingly, the Court had subject matter jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332(a).  Mr. Jackson, therefore, respectfully submits that the Court should not grant Ms. Leviston an award under 28 U.S.C. § 1447(c) because he properly removed this action based on the existence of diversity jurisdiction.

---

[89] *See* 28 U.S.C. § 1332(a).

[90] *See* Notice of Removal at p. 2, ¶ 4.

[91] *See* Mot. at p. 11 ("Plaintiff agrees that the Parties are diverse and that the amount in controversy passes the jurisdictional threshold.").

[92] *See* Notice of Removal at p. 2, ¶ 4.

[93] *See* Mot. at p. 11 ("Plaintiff agrees that the Parties are diverse and that the amount in controversy passes the jurisdictional threshold.").

### b. The one-year provision of 28 U.S.C. § 1446 does not apply to this case as a matter of law.

In his Notice of Removal, Mr. Jackson stated that "the one-year provision of 28 U.S.C. § 1446(b)(1) is not applicable to this case. . . ."[94]  This is a correct statement of law.

There is no dispute that the State Court Action was commenced on or about February 24, 2010.[95]  On December 7, 2011, Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act of 2011, which amended 28 U.S.C. § 1446.[96]  The amendments apply to cases commenced in state court after January 6, 2012.[97]  Accordingly this case is governed by the pre-2011 version of 28 U.S.C. § 1446.

In its Order, the Court stated that Mr. Jackson was contending in his Notice of Removal that the one-year provision of section 1446 did not exist in 2011.  In particular, the Court stated that:  "Defendant believes that the one-year limitation provision was added with the 2011 amendments to Section 1446."[98]  Mr. Jackson did not intend to state or imply this argument.  Mr. Jackson very respectfully submits that the Court was mistaken as to what he was contending and as to his belief as to when the one-year limitation provision was added.  To clarify Mr. Jackson's position, Mr. Jackson was *not* contending that the one-year provision did not *exist* in 2011; rather, Mr. Jackson was contending that the one-year provision *did* exist in 2011, but *did not apply in this case* because diversity jurisdiction existed at the time the case was filed and the case was therefore removable at the time the case was filed, and the 30-day removal clock had not yet started to run because Ms. Leviston had not served him with an initial pleading or "paper"

---

[94] *See* Notice of Removal at p. 3, ¶ 6.

[95] *See* Mot. at p. 2 ("Ms. Leviston filed this case on February 24, 2010. . . .").

[96] *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011).

[97] *Id*.

[98] *See* Order at pp. 4-5.

meeting the requirements of *Moltner*.  That is a very different argument. Mr. Jackson apologizes if the manner in which he stated the argument caused confusion.  Prior to 2011, Section 1446(b) *did* contain a one-year provision.  As a matter of law, however, the one-year provision did not apply to the Notice of Removal because the plain language of section 1446(b) (pre-2011) and decisions from four courts of appeals demonstrate that it does not apply to this case.

Prior to 2011, the one-year provision of section 1446(b) applied only to cases that initially were not removable (and later became removable under the Court's diversity jurisdiction).[99]  The United States Courts of Appeals for the Fifth, Sixth, Eighth and Ninth Circuits all held that only initially non-removable cases are affected by the one-year provision of section 1446(b).[100]  This is because the one-year provision of section 1446(b) is contained in the provision of section 1446(b) that addresses when a removal notice must be filed in a case that was not removable when the case was first commenced.[101]  Based on these authorities and the plain language of section 1446(b), Mr. Jackson correctly stated in his Notice of Removal that the one-year provision of section 1446(b) (pre-2011) did not apply to this case.

This case was initially "removable" (within the meaning of the statute) when Ms. Leviston filed her complaint, based on diversity jurisdiction under 28 U.S.C. § 1332(a).  Based on established precedent of the United States Court of Appeals for the Second Circuit, the 30-day removal clock has not yet started to run because Ms. Leviston has not served Mr. Jackson with

---

[99] *See* 28 U.S.C. § 1446(b).

[100] *See Brown v. Tokio Marine and Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002), *cert. denied*, 537 U.S. 826 (2002) ("Three other circuit courts have addressed this question, . . . that rules of usage and statutory construction lead inevitably to the conclusion that the one-year limitation period modifies only the second paragraph of § 1446(b), and therefore only applies to cases that were not removable to federal court when originally filed.  We are persuaded by the reasoning of those cases and we hold that construction to be the proper interpretation of the statute."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-17 (9th Cir.), *cert. denied*, 119 S. Ct. 407, 142 L.Ed.2d 330, 525 U.S. 963 (1998); *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998).

[101] *See Brown*, 284 F.3d at 873; *Brierly*, 184 F.3d at 534; *Ritchie*, 139 F.3d at 1316-17; *N.Y. Life Ins. Co.*, 142 F.3d at 886.

"a paper that explicitly specifies the amount of monetary damages sought."[102]  The *Moltner* court concluded that a "bright line rule" should be applied.[103]

This analysis is supported by the recent decision of the United States Court of Appeals for the Second Circuit in *Cutrone v. Mortgage Electronic Registration Systems, Inc.*[104]  In *Cutrone*, the Second Circuit reaffirmed its decision in *Moltner*.[105]  In *Cutrone*, the court stated that "defendants have no independent duty to investigate whether a case is removable."[106]  The *Cutrone* court rejected the proposition that "an individual analysis of the timeliness of removal based upon the availability of information to the parties" should be performed in each case.[107]

In addition, the *Cutrone* decision directly supports the analysis that although this case was initially removable based on diversity jurisdiction, the deadlines in section 1446(b) do not start to accrue until the requirements set forth in *Moltner* are satisfied.[108]  In particular, the court stated that:  "even if a defendant *could* remove immediately upon the filing of a complaint because the case satisfies the requirements of federal subject matter jurisdiction, a complaint or other document from the plaintiff that does not explicitly convey the removability of a case *does not trigger the removal clocks. . . .*"[109]

---

[102] *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

[103] *Id.*(finding "bright line rule" preferable, explaining:  "Requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation."); *see Ritchie Capital Mgmt, LLC v. General Elec. Capital Corp.*, No. 14 CV 8623, 2015 WL 170402, at *5 (S.D.N.Y. Jan. 13, 2015) ("The case law instead imposes a bright-line rule, based on the face of the plaintiff's pleading or other written submissions.").

[104] 749 F.3d 137 (2d Cir. 2014).

[105] *Id.* at 143.

[106] *Id.  see also Ritchie Capital Mgmt, LLC,* 2015 WL 170402, at *4 ("And a defendant does not have an independent duty to investigate whether a case is removable."); *Intelligen Power Systems, LLC v. Dventus Technologies LLC*, No. 14 CV 7392, 2014 WL 7176374 at *2 (S.D.N.Y. Dec. 16, 2014) ("It is well-settled that a defendant has no independent duty to investigate.").

[107] 749 F.3d at 145.

[108] *Id.*

[109] *Id.* at 146 (emphasis added).

23

The *Cutrone* court then stated that "whether a basis for removal exists and whether removal is timely are two separate questions."[110]  Mr. Jackson could have attempted to remove the state court case earlier in the proceeding but he was under no obligation to do so.  Under *Moltner* and *Cutrone*, he was entitled to wait until he received from Ms. Leviston the requisite writing specifying the amount of damages she would be seeking at trial.[111]

Based on *Moltner*, the 30-day clock for removal set forth in section 1446(b) does "not start until" Ms. Leviston has served Mr. Jackson "with a paper that explicitly specifies the amount of monetary damages sought."[112]  This has not yet occurred, since the email referred to in the Notice of Removal does not qualify as an "other paper" within the meaning of the *Moltner* decision because it is not a response to an interrogatory, a bill of particulars, a CPLR 3017(c) demand, or an answer to a deposition question that could be used to prove that the amount in controversy did in fact exceed the jurisdictional threshold amount, and thus did not constitute service of an "other paper" sufficient to trigger the 30-day clock under *Moltner*.[113]

Based on the substantial authorities set forth above, the one-year provision of section 1446(b) (as it existed before 2011) does not apply to this case.  In any event, the Third, Fifth, Sixth, Ninth, and Eleventh Circuits have emphasized that the one-year provision of section

---

[110] *Id.*

[111] *Cf. Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 100-01 (1898) ("The reasonable construction of the act of congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right; and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought.").

[112] *Moltner,* 624 F.3d at 38.

[113] *See* Notice of Removal, at p. 2, ¶ 5.

1446(b) is not jurisdictional, but rather merely procedural, and the failure to comply with it does not deprive the Court of subject matter jurisdiction.[114]

In her Motion, the only ground that Ms. Leviston presented against Mr. Jackson's argument that this action was removable based on diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441, and 1446(b) is that "this case should be remanded immediately because . . . removal premised on diversity jurisdiction is untimely, since § 1446 prohibits removal more than one year after commencement of the action. . . ."[115]  As stated in the Notice of Removal, and as demonstrated herein, the one-year provision of section 1446(b) is not applicable to this case.  In any event, even if the one-year provision did apply, it does not deprive the Court of subject matter jurisdiction.  Accordingly, Mr. Jackson respectfully submits that the Court should not enter an award because the Court does have subject matter jurisdiction based on diversity jurisdiction and the one-year limit is not applicable.[116]

---

[114] *See Smith v. Mylan, Inc.,* 761 F.3d 1042, 1045 (9th Cir. 2014) ("we hold that the one-year time limitation for removal of diversity cases is a procedural, non jurisdictional requirement rather than jurisdictional"); *Music v. Arrowood Indem. Co.,* 632 F.3d 284, 288 (6th Cir. 2011) ("[W]e hold that the one-year time limitation rule for removal, 28 U.S.C. § 1446(b), is procedural, not jurisdictional, and therefore subject to forfeiture."); *Ariel Land Owners, Inc. v. Dring,* 351 F.3d 611, 616 (3d Cir. 2003) ("because failure to remove within the one-year time limit established by § 1446(b) is not a jurisdictional defect, a district court has not authority to remand on that basis without a timely filed motion."); *Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 426-27 (5th Cir. 2003); *In re Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 (11th Cir. 1997) ("The untimeliness of a removal is procedural, instead of a jurisdictional defect."); *Ehrenreich v. Black,* 994 F.Supp.2d 284, 288 (E.D.N.Y. 2014) ("As Congress explained, the intent behind § 1446(c)(1) was to clarify ambiguity in the case law concerning whether the one-year limitation in § 1446(c)(1) was jurisdictional or procedural . . . The amendment confirms that the limitation is procedural . . . .") (internal citation omitted); *Hill v. Delta Int'l Mach. Corp.,* 386 F.Supp.2d 427 (S.D.N.Y. 2005) (determining that the one-year provision of 28 U.S.C. § 1446 is procedural, and may be extended); *Torah Soft Ltd. v. Drosnin,* No. 00 CIV. 0676, 2003 WL 22077414, at *4 (S.D.N.Y. Sept. 8, 2003) ("*Pierpoint,* with instruction to interpret defects in removal procedure broadly, requires a finding that the one-year time provision of § 1446(b) [now 1447(c)] is indeed procedural.") (citing *Pierpoint v. Barnes,* 94 F.3d 813, 817 (2d Cir. 1996)).

[115] Mot. at p. 11.

[116] *See N. Pac. R. Co. v. Austin*, 135 U.S. 315, 318, 10 S. Ct. 758, 760, 34 L. Ed. 218 (1890) ("As the time within which a removal must be applied for is not jurisdictional, but modal and formal, it may, though obligatory to a certain extent, be waived; and as, where a removal is effected, the party who obtains it is estopped upon the question of the time, so if the conduct of the plaintiff in a given case were merely a device to prevent a removal, it might be that the objection as to the time could not be raised by him.") (citation omitted).  The reasoning behind this general and long-established waiver principle would be applicable here even if the one-year limit applied, which renders the question of whether the one-year time limit applies moot.  The trend in the law has been toward the finding of waiver, or equitable tolling, of time limits for removal where a plaintiff has deliberately manipulated the

In her memorandum, Ms. Leviston quotes from the Supreme Court's decision in *Caterpillar, Inc. v. Lewis*[117] that "'No case, however, may be removed from state to federal court based on diversity of citizenship more than 1 year after commencement of the action.'"[118]   But Ms. Leviston fails to note the statement from the Third Circuit in the *Ariel* decision cited above that "the Supreme Court's statement in *Caterpillar* that '[n]o case, however, may be removed from state to federal court based on diversity of citizenship "more than 1 year after commencement of the action,"' 519 U.S. at 69, 117 S.Ct. 467, simply traces the mandatory language of the statute, and sheds no light on whether the Court considers the one-year time limit to be jurisdictional."[119]

---

rules to preclude timely removal.  *See, e.g.,* Richard B. Bernstein, Mapping Legal History's "Middle Ground", 68 N.Y.U. L. Rev. 675, 691-92 (1993) ("In the decades bridging the nineteenth and the twentieth centuries, the legal and procedural determinants of the system of corporate diversity litigation shifted decisively in favor of corporate defendants and against individual plaintiffs.  Decisions of the Supreme Court either limited or abolished (as in the case of the "delayed upward amendment" tactic) many of the individual plaintiffs' most useful litigation weapons, while strengthening those techniques and substantive federal common law rules favoring corporate defendants who wished to remove lawsuits from state to federal courts.  For example, the distance between two decisions of the Supreme Court on the "delayed upward amendment" tactic is a notable demonstration of the shift in favor of corporate defendants.  In Northern Pacific Railroad Co. v. Austin, a lawsuit by a plaintiff based on fire damage caused by the railroad's locomotive, the plaintiff sought damages just below the statutory minimum for federal jurisdiction, precluding the railroad from removing to federal court.  Then, just before trial, but too late under the statute to permit removal, the plaintiff amended his complaint and raised the amount sought above the jurisdictional minimum. The Court let stand the judgment for the plaintiff despite the railroad's angry the assertion that the plaintiff had deliberately manipulated the rules to preclude timely removal.  By contrast, in Powers v. Chesapeake & Ohio Railway Co., the Justices held that whenever a case that was initially nonremovable became removable because of a plaintiff's voluntary action (in that case, a plaintiff's dismissal of resident defendants before trial), a defendant could still remove to federal court.  Although the Court did not specifically address the "delayed upward amendment" controversy, the decision in Powers left little doubt that the Justices were ready to discard the rule in Austin. Subsequent decisions on amount-in-controversy questions continued the process of burying the Austin rule.").  This trend toward relaxing the time limits on removal has manifested itself most recently in *Moltner*, and in the 2011 amendment to 28 U.S.C. § 1446, in which Congress established an express statutory exception to the one-year limit to address the problem of deliberate manipulation of the rules to preclude timely removal.  Here, the delayed disclosure tactic utilized by Ms. Leviston is a slight variation of the "delayed upward adjustment" tactic that has been equally effective in precluding removal.  Hence, her conduct would support a finding that she has waived all applicable time limits, or, alternatively, that she is equitably estopped from asserting any time limit.

[117] *See* 519 U.S. 61, 69, 117 S.Ct. 467, 473, 136 L.Ed.2d 437 (1996).

[118] *See* Pl's Mem. at p. 12 (quoting *Caterpillar, Inc.*, 519 U.S. at 69).

[119] *Ariel Land Owners*, 351 F.3d at 614, n.2.

Moreover, Ms. Leviston then makes the erroneous statement that "there is no provision for extension or tolling of the one-year limitations period."[120]   In making this statement, Ms. Leviston does not disclose all the circuit court authorities cited above which state that the one-year provision is not jurisdictional and is subject to tolling.[121]   Mr. Jackson respectfully submits that, in deciding whether an award should be made, the Court should take into account Ms. Leviston's failure to cite the authorities presented above.

In its Order, the Court relied on certain settlement communications between counsel for the parties to show that Mr. Jackson knew prior to June 7, 2015, that the amount in controversy was more than $75,000.[122]   Mr. Jackson respectfully submits that the better-reasoned authority demonstrates that settlement communications are irrelevant to the calculation of the amount in controversy.[123]   This analysis is consistent with the *Cutrone* decision, in which the Second Circuit stated that "even if a defendant *could* remove immediately upon the filing of a complaint because the case satisfies the requirements of federal subject matter jurisdiction, a complaint or other document from the plaintiff that does not explicitly convey the removability of a case does not trigger the removal clocks . . ."[124]

---

[120] *See* Pl's Mem. at p. 12.

[121] *See supra* note 114.

[122] *See* Order at p. 4.

[123] *See Kamat v. Kurtha,* No. 05 CV 10618, 2007 WL 188738, at *2 (S.D.N.Y. Jan. 22, 2007) ("Because '[e]vidence [of settlement discussions] is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to a validity or amount,' the letters are irrelevant to the calculation of the amount in controversy.") (quoting Fed. R. Evid. 408(a)).  *See also Corlew v. Denny's Restaurant, Inc.,* 983 F. Supp. 878, 880 (E.D. Mo. 1997) (settlement demand by itself is not dispositive); *Gwyn v. Wal-mart Stores, Inc.,* 955 F. Supp. 44, 46 (M.D.N.C. 1996); *Navarro v. Subaru of Am. Operations Corp.,* 802 F.Supp. 191, 194 (N.D. Ill. 1992). Plaintiff's reliance on oral statements is also misplaced, because oral statements are insufficient to satisfy the *Moltner* standard or "other paper" rule.  *See Callen v. Callen,* 827 F.Supp.2d 214, 216 (S.D.N.Y. 2014) ("'[A]n oral assertion is insufficient to start the 30-day clock for a defendants' removal petition . . .") (quoting *Quintana v. Werner Enters., Inc.,* No. 09 CIV 7771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009)); se*e also Friedlander v. Fifth Third Bank, Inc.,* No. 5:14-299-KKC, 2014 WL 5313946, at *2 (E.D.Ky. Oct. 17, 2014) (oral assertions insufficient).

[124] *Cutrone,* 749 F.3d 137.

In footnote 1 on page 4 of its Order, the Court states that "even if Defendant had been entirely unaware of the amount in controversy, the initial pleadings would have satisfied the requirements of the removal statute based upon Ms. Leviston's request for injunctive relief."[125] The Court cites 28 U.S.C. § 1446(c)(2)(A)(I) for this proposition, but this section does not apply to this case because it is part of the amendments to section 1446 that were enacted in 2011 and do not apply to cases commenced in state courts in 2010.  In addition, Ms. Leviston's original complaint did not seek injunctive relief.[126]  Nor did her recent amended complaint.[127]

Mr. Jackson had no duty or obligation to conduct an investigation to determine whether the amount in controversy exceeded $75,000.[128]  Nevertheless, he served Ms. Leviston with an interrogatory requesting information which, if provided, would have triggered the removal clock and given him the "other paper" he needed to prove that the court had diversity jurisdiction, and avoid the trouble and expense of a mini trial and the risk of a remand for failure to carry his burden of proof on that point.  Ms. Leviston denied him that answer, and that piece of paper, for five years, despite a clear duty to provide the answer, thus frustrating his right to removal and creating a situation where he had little choice but to continue to participate in the state court proceedings until the amount of damages Ms. Leviston was seeking was explicitly and specifically stated in a proper paper that could be used to prove that the threshold requirement for the amount in controversy under 28 U.S.C. § 1332(a) was met.

In any event, all of these issues of knowledge raise issues of fact that would require an evidentiary hearing.[129]

---

[125] *See* Order at p. 4, n. 1.

[126] *See* Compl.

[127] *See* Am. Compl.

[128] *See Cutrone*, 749 F.3d at 143.

[129] *See, e.g., In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001).

Nonetheless, as a matter of law, based on the established authorities set forth above, the one-year provision of section 1446(b) does not apply to this case.[130]

### c.  The Court did not have the power to remand based on "permissive abstention" or "equitable remand."

In the Order, the Court determined that, besides lack of subject matter jurisdiction, it would remand this case based on "permissive abstention" and "equitable remand."[131]   In

---

[130] *See Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 335-37 (D.S.C. 1979), dismissed, 622 F.2d 584 (4th Cir. 1980) ("Where removability does not occur until late in the litigation of a case and the defendant proceeds with removal without delay, the Supreme Court has held that deficiencies with respect to incidental provisions of the removal statute are not fatal to the removal, if they are the result of circumstances beyond the defendant's control. Powers v. Chesapeake & Ohio Railway Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). In Powers, the plaintiff discontinued his action against the nonresident defendants when the case was called for trial. In permitting the defendant in Powers to file a petition for removal after the time provided in the statute, then in effect, had elapsed, where the case did not become removable until after this time, the Supreme Court commented as follows in upholding the removal:  The reasonable construction of the act of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his (defendant's) control is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right; and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought. 169 U.S. 92, 100-101, 18 S.Ct. 264, 267, 42 L.Ed.2d 673. Although the particular problem in Powers now has been obviated by the terms of s 1446(b) which permits removal of suits not originally removable, the reasoning of the decision guides the present case. That the plaintiffs refused to put in writing their dismissal of Ralph Cooke, although they had effectively discontinued their action against him, cannot defeat AMSC's right to removal, since both the circumstances creating removability and the alleged formal deficiencies were wholly beyond the control of AMSC. Powers dictates that AMSC's removal in the present case be upheld. Otherwise, plaintiffs have earned the distinction of having devised the game plan for circumventing removal. A resident plaintiff, who desires to pin down a nonresident corporate defendant in state court, merely must join a resident defendant, against whom it has an arguable claim, and then by directing the jury not to return a verdict against the resident defendant, throw the nonresident defendant to the jury by itself. In such manner, the nonresident defendant could be totally deprived of its right to removal, although such case had become one properly removable and plaintiff's tactics serve to emphasize the significance of the right. However, as the above quote of the Supreme Court in Indianapolis noted, litigation is "not a game of chess", nor, this Court finds, should a nonresident defendant be straightjacketed or deprived of its legitimate entitlement to removal by a plaintiff's artful maneuvering. * * * There also exists authority that, in situations where the case does not become removable until its late stages due to the actions of plaintiff, plaintiff cannot properly complain of the time of such removal, if defendant does so as soon as can be expected. The closing statements of plaintiffs' counsel suggest the joinder of the resident defendant was to prevent removal by the nonresident and trial in the federal court. "(I)f the conduct of plaintiff in a given case was merely a device to prevent removal, it might be that objection as to the time could not be raised by him." *Northern Pacific R. Co. v. Austin*, 135 U.S. 315, 318, 10 S.Ct. 758, 760, 34 L.Ed. 218 (1890).); *Groton Bridge & Mfg. Co. v. Am. Bridge Co.,* 137 F. 284, 297 (C.C.N.D.N.Y. 1905) ("But the time of filing a petition for removal is not essential to the jurisdiction. The provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel. *Ayers v. Watson*, 113 U.S. 594, 597, 599, 5 Sup.Ct. 641, 28 L.Ed. 1093; *Northern Pacific Railroad v. Austin*, 135 U.S. 315, 318, 10 Sup.Ct. 758, 34 L.Ed. 218; *Martin v. Baltimore & Ohio Railroad*, 151 U.S. 673, 688-691, 14 Sup.Ct. 533, 38 L.Ed. 311; *Connell v. Smiley*, 156 U.S. 335, 15 Sup.Ct. 353, 39 L.Ed. 443.").

[131] *See* Order at p. 7.

particular, the Court stated:  "Independently and in the alternative, the Court exercises its authority to permissively abstain from hearing this case and to equitably remand it."  The Court did not have the power to remand based on these two principles.  Section 1447 of title 28 provides only two grounds for remanding a case that was removed pursuant to 28 U.S.C. §§ 1441 and 1446.  In particular, the Court may remand under section 1447 only based on either: (1) a lack of subject matter jurisdiction; or (2) the removing parties' failure to comply with requirements of section 1446.[132]  In *Quackenbush*, the United States Supreme Court held that federal courts do not have power to remand cases based on abstention principles where, as here, the plaintiff is seeking damages and not just equitable or other discretionary relief.[133]

Principles of "permissive abstention" and "equitable remand" apply to removal under 28 U.S.C. § 1452.[134]  Section 1452, however, applies only in cases that are removed based on their relationship to a case pending under Title 11 of the United States Code.[135]  They have no application here because Mr. Jackson did not remove this case pursuant to section 1452.  Instead, in this case, he filed his Notice of Removal based on diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1447.

Moreover, a remand based on equitable principles such as permissive abstention or equitable remand cannot support an award under section 1447(c).[136]

---

[132] *See* 28 U.S.C. § 1447(c).  *See also Quackenbush*, 517 U.S. at 711.

[133] *Quackenbush*, 517 U.S. at 719.

[134] *See* 28 U.S.C. §§ 1334, 1452.

[135] 28 U.S.C. §§ 1334, 1442.

[136] *See In re Lawrence,* 233 B.R. 248, 253 (N.D.N.Y. 1999) ("an award of fees is not appropriate for remands based on mandatory abstention."); *Su-Ra Enters., Inc. v. Barnett Bank of S. Fla., N.A.*, 142 B.R. 502, 506 (S.D. Fla. 1992) ("Su-Ra asks for costs incurred in opposing Barnett's removal.  28 U.S.C. § 1447 permits an application to seek costs for a remand based on the Court's lack of jurisdiction.  In this case, however, remand is required under § 1334(c)(2).  Section 1334(c)(2) does not provide for the assessment of costs.  Accordingly, the undersigned does not believe that Su-Ra is entitled to recovery of costs.").

### d. The Court may not invoke an award under section 1447(c) against counsel for Mr. Jackson.

The better-reasoned authority is that a court may not make an award under section 1447(c) against counsel for the removing party.[137]  Based on this authority, the Court may not make an award against counsel for Mr. Jackson.[138]

### e. In any event, an award under section 1447(c) must be limited to the fees and costs associated with removal and remand.

The plain language of section 1447(c) states that the Court may award costs, fees, and expenses "incurred as a result of the removal."[139]  In the event the Court disagrees with all of Mr. Jackson's arguments contained herein, Mr. Jackson submits that any award must be limited to those costs and fees Ms. Leviston "incurred as a result of the removal."[140]

### 2. An award should not be made based on the Court's inherent authority.

Based on applicable standards, plaintiff is not entitled to an award based on the Court's inherent authority.[141]  The Court remanded this case based on the mistaken conclusion that it did not have subject matter jurisdiction over this action.[142]  As demonstrated in detail above, however, the Court did have subject matter jurisdiction over this action based on diversity

---

[137] *See In re Crescent City Estates, LLC*, 588 F.3d 822, 831 (4th Cir. 2009), *cert. denied*, 560 U.S. 905 (2010) ("Lacking explicit direction from the legislative branch, we refuse to read § 1447(c) to authorize the imposition of legal fees upon attorneys for erroneous removals.").

[138] *Id.  See also Creek Ventures, LLC v. World Parts, LLC*, No. 01-CV-89C, 2004 WL 1166642, at*4 (W.D.N.Y. Apr. 14, 2004) ("Because the authority to award sanctions against the attorney under this statute is unclear, the motion under § 1447 is denied."); *Marketplace Illustrated, Inc. v. Intrex Travel, Inc.*, No. 92-CV-860S, 1993 WL 405494, at *3 (W.D.N.Y. Sept. 30, 1993) (denying award of attorneys' fees under section 1447(c) against counsel).

[139] 28 U.S.C. § 1447(c).

[140] *Id.  See Avitts v. Amoco Prod. Corp.*, 111 F.3d 30, 32 (5th Cir. 1997) ("We conclude therefore that a party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded.  By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'").

[141] *See Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 142 (2d Cir. 2012) (sanctions under inherent authority may not be awarded when party had "colorable" position.).

[142] *See* Order at p. 7.

jurisdiction under 28 U.S.C. § 1332(a).   The Notice of Removal more than sufficiently demonstrated the existence of diversity jurisdiction.[143]   Indeed, Ms. Leviston conceded in this Court that the Court had subject matter jurisdiction based on diversity jurisdiction.[144] Accordingly, an award cannot be made based on lack of jurisdiction because the Court had subject matter jurisdiction.

In addition, Ms. Leviston specified only one alleged procedural requirement that Mr. Jackson purportedly failed to satisfy.   In particular, Ms. Leviston alleged only that "this case should be remanded immediately because . . . removal premised on diversity jurisdiction is untimely, since § 1446 prohibits removal more than one year after commencement of the action."[145]   As demonstrated above, this argument is based on a misreading of the statute and misapprehension or misstatement of the applicable legal principles.   Based on the overwhelming authority set forth above, the one-year rule was not applicable to this case.   At the very least, Mr. Jackson had more than a good faith basis for his position that it did not apply to this case.

Moreover, Mr. Jackson has presented substantial authority that the one-year provision is not jurisdictional.[146]   At a minimum, he was entitled to respond to the motion to demonstrate why the one-year provision was not applicable based on the facts of this case and he should have been allowed to do so.   To the extent Ms. Leviston would have disputed any of these facts, Mr. Jackson would have been entitled to an evidentiary hearing.[147]

In addition, as demonstrated above, the Court could not remand this action based on the doctrines of permissive abstention or equitable remand because they did not apply to this case as

---

[143] *See* Notice of Removal at p. 2, ¶ 4.

[144] *See* Plaintiff's Mem. at p.11.

[145] *Id.*

[146] *See* supra note 114.

[147] *See, e.g.*, *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d at 671.

a matter of law.  Both principles apply to removals pursuant to 28 U.S.C. §§ 1334 and 1452.  Mr. Jackson did not remove this action based on those statutes.  Those provisions do not apply to removals under 28 U.S.C. §§ 1332(a), 1441, and 1446.

Similarly, the circumstances here do not warrant sanctions under the Court's inherent power because Mr. Jackson had more than a colorable basis to file his Notice of Removal.[148]

### 3.     An award should not be made under Rule 11.

Ms. Leviston did not request sanctions under Rule 11 of the Federal Rules of Civil Procedure, therefore, Ms. Leviston may not be awarded sanctions in the form of attorneys' fees and costs under Rule 11.[149]

The Court does have the power to impose sanctions *sua sponte* under Rule 11, but based on established precedent under Rule 11 from the United States Court of Appeals for the Second Circuit, the Court should not make an award here because Mr. Jackson did not act in subjective bad faith.  As demonstrated above, Mr. Jackson had more than a good faith basis to remove this action.  Indeed, the Court had subject matter jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332(a).   In addition, Mr. Jackson complied with all the procedural requirements of 28 U.S.C. §§ 1441 and 1446.  Accordingly, the Court should not impose sanctions under Rule 11.[150]

---

[148] *See Dow Chem. Pac. Ltd. v. Rescator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) ("To ensure, however, that fear of an award of attorneys' against them will not deter persons with colorable claims from pursing those claims, we have declined to uphold awards under the bad-faith exception absent both "'clear evidence'" that the challenged actions "are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes."'") (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 80 (2d Cir. 1982)); *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Cos.,* 613 F.Supp. 1134, 1137 (S.D.N.Y. 1985) ("The Court of Appeals for this Circuit has held that in order to find bad faith there must be 'clear evidence' that the claim is 'entirely without color and made for reasons of harassment or delay or for other improper purposes.') (quoting *Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir. 1977)).

[149] *See* infra note 165.

[150] *See Rivas v. Bowling Green Assocs., L.P.*, No. 13-CV-7812, 2014 WL 3694983, at *2 (S.D.N.Y. July 24, 2014) ("To satisfy the subjective bad faith standard for a sanction under Rule 11(b)(2), the lawyer must have known that the legal contention was not warranted by existing law or its modification or extension . . . Proof of

In the Order, the Court stated that "[d]efendant's attempted removal is a transparent delay tactic, an egregious abuse of the federal removal statute, and an unmeritorious attempt to avoid standing trial."[151]  The Court then states that Mr. Jackson must "show cause . . . why the Court should not sanction him for . . . making a frivolous removal of this case for the improper purpose of delaying the trial in New York Supreme Court."[152]

Mr. Jackson respectfully submits that, as demonstrated above, the removal was not "frivolous".[153]  To the contrary, the Notice of Removal was firmly based upon the applicable legal principles and decisions from multiple courts of appeals.  Indeed, as demonstrated above, the Notice of Removal was properly filed because:

1.      the Court had subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332(a) (indeed, Ms. Leviston conceded this fact);

2.      the one-year provision of 28 U.S.C. § 1446(c) is not a jurisdictional requirement as demonstrated by published decisions from the Third, Fifth, Sixth, Ninth, and Eleventh Circuits;

3.      based on these facts, the Court had no basis to dismiss for lack of subject matter jurisdiction;

4.      Mr. Jackson complied with the requirements of 28 U.S.C. § 1446(c);

5.      Ms. Leviston did not contend that Mr. Jackson failed to comply with the 30-day provision of 28 U.S.C. § 1446(c) and thereby waived any failure to comply with this provision,

---

actual knowledge, and not merely what a reasonable attorney should have known, is required.") (internal cite omitted).

[151] Order at p. 7.

[152] *Id.*

[153] *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) ("We have identified as frivolous an appeal said to be 'totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence,'") (quoting *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381 (2d Cir. 1982)).

and, in any event, the 30-day removal clock has not yet begun to run, even to this day, because Ms. Leviston has yet to serve Mr. Jackson with a writing that satisfies the "bright-line" requirement of *Moltner*;

6.      the one-year provision of 28 U.S.C. § 1446(c) was not applicable to this case based on the substantial authorities cited above from the Fifth, Sixth, Eighth, and Ninth Circuits; and

7.      the doctrines of discretionary abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b) were inapplicable to this case as a matter of law.

Based on all these facts, Mr. Jackson acted in good faith based on substantial authorities when he filed his Notice of Removal.

In addition, the Court does not have the power to impose sanctions based on any alleged "transparent delay tactic" or the purported "improper purpose of delaying the trial in the New York Supreme Court."[154]  Based on Second Circuit precedent, the Court does not have the power to impose sanctions based on conduct that occurred before removal.[155]  Furthermore, the Court does not have the power to impose sanctions for conduct that occurs after remand.[156]

---

[154] *See* Order at pp. 7-8.

[155] *See Stiefvater Real Estate, Inc. v. Hinsdale,* 812 F.2d 805, 809 (2d Cir. 1987) ("Stiefvater commenced this action in state court; it was defendants' removal petition that landed it in a federal forum.  Therefore, at the time the complaint was signed Rule 11 simply did not apply, and the district court had no authority to give it retrospective application.").  *See also Brown v. Capitol Air, Inc.*, 797 F.2d 106, 108 (2d Cir. 1986) ("Rule 11, of course, does not purport to authorize sanctions for actions in state courts."); *United States v. Int'l Bhd.. of Teamsters*, *Chauffeurs, Warehousemen and Helpers, AFL-CIO,* 948 F.2d 1338, 1344 (2d Cir. 1991) ("As we have noted, Rule 11 'does not license a district court to sanction any attorney or party that it disapproves of . . . Imposition of sanctions must be based on a pleading, motion or other paper signed and filed in federal court . . . .'") (quoting *McMahon v. Shearson/American Express, Inc.,* 896 F.2d 17, 22 (2d Cir. 1990)).

[156] *See Brown*, 797 F.2d 106, 108; *Int'l Bhd. Of Teamsters*, 948 F.2d at 1344.

In particular, as stated above, under 28 U.S.C. § 1447(c), the Court may only award costs, fees, and expenses incurred as a result of the removal.[157]  This established principle is based on the plain language of section 1447(c) and the Congressional intent behind section 1447(c).[158]

Similarly, the circumstances presented here do not present a basis for sanctions under Rule 11.  Courts have recognized that "Rule 11 is focused on the signing of specific documents rather than a party's motivation for litigating."[159]  The Second Circuit has stated that when a pleading or other document filed in federal court has an objectively reasonable basis, the Court should not impose sanctions under the "improper purpose" provision of Rule 11.[160]  The Second

---

[157] *See* supra note 140.

[158] *See Hotel St. George Assocs. v. Morgenstern*, 819 F.Supp. 310, 323 (S.D.N.Y. 1993).  *See also* Defendants' Response In Opposition To Plaintiff's Application For Fees And Costs Under 28 U.S.C. § 1447(c).

[159] *See Hotel St. George Assocs.*, 819 F.Supp at 321.

[160] *See Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995) ("A party should not be penalized for or deterred from seeking and obtaining warranted judicial relief merely because one of his multiple purposes in seeking that relief may have been improper.") ("[i]t would be counterproductive to use Rule 11 to penalize the assertion of non-frivolous substantive claims, even when the motives for asserting those claims are not entirely pure.").  *See also E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 182 (S.D.N.Y.2008) ("The factual and legal basis underlying Gluck's Complaint, which demonstrates its claims are not frivolous, as discussed previously, militates against a finding of improper purpose."); *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1508 (9th Cir. 1987) (holding that Rule 11 sanctions are not appropriate where a filing is well-grounded in fact and law, regardless of counsel's subjective intent); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (stating that "[w]ith regard to complaints which initiate actions... such complaints are not filed for an improper purpose if they are non-frivolous" and emphasizing that "subjective evidence of the [filer's] purpose is to be disregarded"); *Burkhart v. Kinsley Bank*, 852 F.2d 512, 515 (10th Cir. 1988) (stating that if a complaint is nonfrivolous, any suggestion of an improper purpose "would necessarily fail"); *National Ass'n of Gov't Employees, Inc. v. National Fed'n of Fed. Employees*, 844 F.2d 216, 223-24 (5th Cir. 1988) (generally agreeing that "if an initial complaint passes the test of non-frivolousness, its filing does not constitute harassment for the purposes of Rule 11"); *Resolution Trust Corp v. Blasdell*, 154 F.R.D. 675, 682 (D. Ariz. 1993) (a nonfrivolous motion was filed "at least in part for the legitimate purpose of seeking dismissal;" held, Rule 11 sanctions are not appropriate "merely because the motion includes certain evidence which is assertedly presented for an improper purpose"); Gregory P. Joseph, **SANCTIONS The Federal Law of Litigation Abuse** 230 (Matthew Bender & Co., Inc., 5th ed. 2013) ("Although the Second Circuit for a long time considered it an open question whether a complaint 'that is warranted by existing law may be sanctionable if filed for the improper purpose of harassment,' . . . it ultimately ruled that the answer is 'No.' *Sussman v. Bank of Israel*, 56 F.3d 450 (2d Cir. 1995) (adopting the Ninth Circuit's view that "complaints are not filed for an improper purpose if they are non-frivolous.")); Jerold S. Solovy et al., *Sanctions Under Rule 11: A Cross-Circuit Comparison,* 37 Loy. L.A. L. Rev. 727, 735-36 (Winter 2004) (in *Sussman,* the Second Circuit found that Sussman's claims were not frivolous and stated that making a nonfrivolous filing "with a view to exerting pressure or defendants through the generation of adverse and economically disadvantages publicity" was not an improper purpose) (in *Sussman,* Second Circuit stated that "'[a] party should not be penalized for or deterred from seeking and obtaining warranted judicial relief merely because one of her multiple purposes in seeking that relief may have been improper'") (quoting *Sussman*, 56 F.3d at 459); Barbara Comninos Kruzansky, *Sanctions for Nonfrivolous Complaints? Sussman v. Bank of Israel and Implications for the Improper Purpose Prong of Rule 11,*

Circuit has reiterated this principle on several occasions.[161]  In addition, the Second Circuit has

held that in a removed action Rule 11 cannot be applied to a complaint, or other documents filed

or conduct occurring, in a state court before a case is removed.[162]  Moreover, the Second Circuit

has stated that an objective standard should be applied under Rule 11.[163]  In any event, the Court

cannot award attorneys' fees under Rule 11 to Ms. Leviston because Ms. Leviston did not file a

motion under Rule 11.[164]

Removal is allowed at any time, even on the eve of trial, during trial, or after trial, if the

situation warrants it.[165]  In any event, the New York state court is the forum to decide whether

---

61 Alb. L. Rev. 1359, 1361-62 (1998) (In *Sussman*, Second Circuit stated that "'[a] party should not be penalized for or deterred from seeking and obtaining warranted judicial relief merely because one of her multiple purposes in seeking that relief may have been improper'") (quoting *Sussman*, 56 F.3d at 459).

[161]  *See Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 393 (2d Cir. 2003) ("Without objectively unreasonable statements, economic disparity and a greater litigiousness do not alone amount to improper purpose.").

[162]  *See Stiefvater Real Estate, Inc.*, 812 F.2d at 809 (2d Cir. 1987) ("Stiefvater commenced this action in state court; it was defendants' removal petition that landed it in a federal forum.  Therefore, at the time the complaint was signed Rule 11 simply did not apply, and the district court had no authority to give it retrospective application.").  *See also Hotel St. George*, 819 F.Supp. at 321 ("Rule 11 may not be extended to apply to a complaint that was not filed in federal court.").

[163]  *See Business Guides, Inc. v. Chromatic Commic'ns. Enters., Inc.*, 498 U.S. 533, 554, 111 S. Ct. 922, 934-935, 112 L.Ed.2d 1140 (1991) ("Rule 11 imposes an objective standard of reasonable inquiry on represented parties who sign papers or pleadings"); *Int'l Bhd. of Teamsters*, 948 F.2d at 1344 (2d Cir. 1991) ("In deciding whether the signer of a pleading, motion or other paper has crossed the line between zealous advocacy and plain pettifoggery, the court applies an objective standard of reasonableness.").

[164]  *See Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 95 (2d Cir. 1999) ("We conclude that the district court sanctioned appellant on its own initiative rather than by motion.  Because Rule 11(c)(2) permits a court to award attorneys' fees only by motion, the district court had no authority to do so *sua sponte*."); *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 57 (2d Cir. 2000) (court may not award attorneys' fees when it raises issues of sanction *sua sponte* under Rule 11).

[165]   *See In Re Carter*, 618 F. 2d 1093, 1097 (5th Cir. 1980*)* (vacating order to remand where suit was removed to federal court after trial and entry of judgment in state court); *Grigg v. Southern Pacific Co.*, 246 F.2d 613, 619 (9th Cir.1957), *rehearing denied*, 248 F.2d 949 (9th Cir.1957) (denying plaintiff's motion to remand an action which the defendants removed on the first day of trial, despite plaintiff's prior assurances to defendants that the only non-diverse defendant would be dismissed from the action); *Shiver v. Sprintcom, Inc.*, 167 F.Supp.2d 962, 963 (S.D.Tex.2001) (denying plaintiff's motion to remand an action which the defendants removed on the eve of trial when plaintiff non-suited the only non-diverse defendant that same day); *Turner Const. Co. v. Dorn-Platz Properties, Inc.*, No. CIV. 08-610-AC, 2008 WL 3992621, at *5 (D. Or. Aug. 26, 2008) (denying plaintiff's request for attorneys' fees where defendant filed its notice of removal on the eve of trial because plaintiff did not amend its complaint to add defendant until that time). *See also Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir. 1967) ("The second paragraph of the amendment to subsection (b) [of section 1446] is intended to make clear that the right of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed.").

Mr. Jackson acted for "the improper purpose of delaying the trial in New York Supreme Court."[166]  The New York state court is presiding over the trial in the state court.  Mr. Jackson knows that he did not act with an improper purpose.  Nonetheless, the New York state court should decide whether he should be sanctioned for any delay in the trial.[167]

As the Court knows, the Court remanded this action less than 12 hours after Jackson filed his Notice of Removal.  For that period, the Court has jurisdiction to impose sanctions to the extent the removal affected this Court.  On the other hand, the Court does not have jurisdiction or power to impose sanctions for any impact that the removal may have had on the state court action.

The Second Circuit has cautioned that sanctions should be awarded with caution.[168]  Attorneys are duty bound to represent their clients zealously.  Sanctions, of course, do serve a proper purpose in appropriate circumstances.  Nonetheless, attorneys must be given the ability to advocate zealously on behalf of their clients.

## V.

## REQUEST FOR HEARING

Mr. Jackson respectfully requests a hearing on Ms. Leviston's application and the Court's order to show cause.

---

[166] Order at p. 7.

[167] *See e.g., In re Bennett,* 960 S.W.2d 35, 40 (Tex. 1998).

[168] *See Knipe v. Skinner,* 19 F.3d 72, 78 (2d Cir. 1994) ("Rule 11 sanctions should be imposed with caution . . .").  *See also Pannonia Farms, Inc. v. USA Cable,* 426 F.3d 650, 652 (2d Cir. 2005) ("Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous advocacy."); *Schaifer Nance & Co., Inc. v. Estate of Warhol,* 194 F.3d 323, 334 (2d Cir. 1999) (addressing sanction, Court stated that "any such decision [should be] made with restraint and discretion."); *Kiobel v. Millson,* 592 F.3d 78, 83 (2d Cir. 2010) ("'Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous advocacy.'") (quoting *Pannonia Farms, Inc,* 426 F.3d at 652).

## VI.

## <u>CONCLUSION AND REQUEST FOR RELIEF</u>

For all these reasons, Mr. Jackson respectfully requests that the Court deny Ms. Leviston's request for fees and costs under 28 U.S.C. § 1447(c) and the Court's inherent authority, refrain from imposing any sanctions under Rule 11, and grant Mr. Jackson all appropriate relief.[169]

Dated:  July 10, 2015

Respectfully submitted,
CORRELL LAW GROUP

By: _____
P. Kent Correll (PC2609)
250 Park Avenue, 7th Floor
New York, New York 10177
(212) 475-3070
kent@correlllawgroup.com

Attorney for Defendant

---

[169] *See Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) ("In framing this standard, we do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. Vital changes have been wrought by those members of the bar who have dared to challenge the received wisdom, and a rule that penalized such innovation and industry would run counter to our notions of the common law itself. Courts must strive to avoid the wisdom of hindsight in determining whether a pleading was valid when signed, and any and all doubts must be resolved in favor of the signer. But where it is patently clear that a claim had absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated. Such a construction serves to punish only those who would manipulate the federal court system for ends inimicable to those for which it was created.") (citation omitted); *Patrizzi v. Bourne In Time, Inc.*, No. 11 Civ. 2386, 2013 WL 316148, at *4 (S.D.N.Y. Jan. 28, 2013) ("Second, the Court is mindful that sanctions decisions are to be made 'with restraint and discretion,' . . . 'lest they chill the creativity essential to the evolution of the law.'") (quoting *Schlaifer Nance & Co., Inc.*, 194 F.3d 334; then quoting *Greenburg v. Chrust*, 297 F.Supp.2d 699, 703 (S.D.N.Y. 2004)).

5332561.1
2211-02